No. 04-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 73N

THE ESTATE OF ALICE E. FRANEY,

        Plaintiff and Respondent,

  v.

U.S. BANCORP PIPER JAFFRAY, INC., and
THOMAS J. O'NEILL, ROBERT ENGLISH,
and JOHN DOES I through X,

        Defendants and Appellants.

APPEAL FROM:    The District Court of the Second Judicial District,
                In and For the County of Silver Bow, Cause No. DV 2002-36,
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Stanley Kaleczyc and Brand G. Boyar, Browning, Kaleczyc, Berry
                & Hoven, Helena, Montana

                John S. Lutz, Fairfield & Woods, Denver, Colorado

        For Respondent:

                William P. Joyce, Joyce & Johnson, Butte, Montana

                Robert J. Phillips, Phillips & Bohyer, Missoula, Montana

                        Submitted on Briefs:  January 4, 2005

                        Decided:  March 22, 2005

Filed:

_____
                    Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This case is one of 23 different actions against U.S. Bancorp Piper Jaffray, Inc. (Piper), involving the alleged mismanagement of accounts in the corporation's Butte office. This particular action involves a form that Piper alleges Alice Franey signed in 1994. If the form was signed, it converted her Piper Automatic Transfer (PAT) Account (opened in 1991) into a PAT Plus Account. The type of form alleged is the same as that at issue in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 17, 326 Mont. 103, ¶ 17, ___ P.3d ___, ¶ 17. The PAT Plus Account form included a clause granting Piper broad discretion over an investor's holdings, as well as an arbitration clause. In *Willems* we held that the former clause created a fiduciary duty to inform the investor of the arbitration clause.

¶3 Franey died before this trial commenced. However, at trial Piper presented no evidence that it informed Franey of the arbitration clause. Therefore, in light of *Willems*, we affirm the District Court's conclusion that even if Franey signed a PAT Plus Account form, Piper owed her a fiduciary duty to explain the impact of the arbitration provision, that Piper breached that duty, and therefore the pre-dispute arbitration provisions are unenforceable.

¶4 We affirm the judgment of the District Court.

2

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE